UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

HEATH V. FULKERSON,

    Plaintiff,

vs.

PUBLIC UTILITIES COMMISSION OF NEVADA and AT&T CORPORATION,

    Defendants.

Case No. 3:20-CV-00007-RCJ-WGC

**ORDER**

    Separate motions to dismiss have been filed by Defendant AT&T, (ECF No. 4), and Defendant Public Utilities Commission of Nevada (PUC), (ECF No. 9). Finding that Plaintiff has failed to state a claim in multiple instances, the Court grants in part Defendant AT&T's motion to dismiss. Plaintiff has not timely responded to Defendant PUC's motion therefore the Court grants the motion as unopposed. LR 7-2(d). Plaintiff also moves to transfer venue, (ECF No. 17), but the Court finds that his proposed venue is improper and therefore denies the motion.

**FACTUAL BACKGROUND**

    According to the Complaint, (ECF No. 1), Plaintiff resides in Reno, Nevada, Defendant PUC is a Nevada state agency, and Defendant AT&T is a corporation with a mailing address in Reno, Nevada. Plaintiff does not indicate where Defendant AT&T resides.

The entirety of alleged substantive facts giving rise to the case are as follows: "[Plaintiff] [e]ncountered a home burglary, which resulted in [Plaintiff] calling the police. [Plaintiff's] girlfriend at the time was a resident at the address as well. After the first event, phone, internet, television service became tampered with and the violations of law started to occur."

Plaintiff then brought claims against Defendants under the First, Fourth, and Fourteenth Amendments, 5 U.S.C. § 552a(b), Nevada false light tort law, net neutrality laws, E911 laws, the Telecommunications Business Act of 2011, and the Protecting Internet Freedom Act. He seeks $2,500,000 in compensatory damages and $15,000,000 in punitive damages.

**LEGAL STANDARD**

*I.     Rule 12(b)(1)*

Generally, subject-matter jurisdiction is conferred on a federal court either through the presence of a federal question or through diversity of the parties: 28 U.S.C. §§ 1331–1332. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Diversity exists where no defendant is a citizen of the same state as a plaintiff and "the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a)(1). If a court determines it lacks subject-matter jurisdiction, then its authority is limited to making that finding and dismissing the claims. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

*II.    Rule 12(b)(6)*

Fed. R. Civ. P. 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard "does not require 'detailed factual allegations,' but demands more than . . . 'labels and conclusions' or 'formulaic recitation[s] of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plausibility is satisfied where the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility does not require a demonstration of probability, but "asks for more than a sheer possibility." *Id.*

Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Consequently, while the Court "accept[s] all material allegations in the complaint as true and construe[d] . . . in the light most favorable to" the nonmoving party, *NL Indus. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986), it is not required to "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit," *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Nor is it required to accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.*

### III. Pro Se Litigants

Documents submitted by *pro se* litigants are "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* litigant's complaint "can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Nevertheless, "a liberal interpretation of a . . . complaint may not supply essential elements of the claim that were not initially pled," nor are "[v]ague and conclusory allegations . . . sufficient to withstand a motion to dismiss." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

///

**IV.     *Leave to Amend***

Upon granting a motion to dismiss, a court must then determine whether to allow leave to amend the complaint. Leave to amend should be granted unless "amendment would be futile." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (citing *Reddy v. Litton Indus.*, 912 F.2d 291, 296 (9th Cir. 1990)). That is, dismissal without leave to amend is appropriate only where "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (citing *Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962)).

**ANALYSIS**

**I.     *Motion to Change Venue (ECF No. 17)***

Plaintiff requests this Court transfer venue to the District of Northern California so that he may consolidate this case with a related case in that court. Both Defendants oppose the motion. (ECF Nos. 18–19.) It is unclear whether Plaintiff is moving under 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.") or 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). Regardless, both statutes require, absent consent, that a transfer of venue be to another forum in which the plaintiff could have originally brought the case. However, the case identified by Plaintiff has been dismissed on the grounds that venue does not lie in the District of Northern California but should instead be either in this District or the District of Columbia. Order of Dismissal at 2–3, *Fulkerson v. DOJ*, No. 20-CV-00481-MMC (N.D. Cal. July 7, 2020), ECF

No. 17. This Court agrees with our sister court's analysis, and therefore finds that, as all events in the complaint occurred in Nevada, venue in the Northern District of California is not appropriate. Accordingly, the Court denies Plaintiff's motion to transfer and moves to the motions to dismiss.

## II. Motions to Dismiss (ECF Nos. 4 and 9)

As an initial matter, Plaintiff has not responded to Defendant PUC's motion to dismiss, and any response would now be untimely. The Court therefore grants Defendant PUC's motion as uncontested and dismisses all claims against it. LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion."). The Court accordingly moves to Defendant AT&T's motion to dismiss.

### a. Subject-Matter Jurisdiction

Defendant argues that this Court does not have subject-matter jurisdiction over this controversy because Plaintiff has shown neither federal question nor diversity. Defendant is correct that the complaint, on its face, does not properly allege diversity jurisdiction. Although Plaintiff alleges an amount in controversy well over the $75,000 requirement, he does not allege that Defendant AT&T is a diverse party; rather, he assigns Defendant an address in Reno, Nevada. (ECF No. 1 at 2.) As diversity is not properly alleged, the Court must then determine whether federal question jurisdiction exists.

Defendant argues that Plaintiff's claims are "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy," *Oneida Indian Nation of N.Y. v. Cty. of Oneida*, 358 U.S. 354, 359 (1974), as to render federal question jurisdiction inapposite. Defendant is correct that jurisdiction does not exist where "the claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)).

However, "[i]t is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.*, the courts' statutory or constitutional power to adjudicate the case." *Steel Co.*, 523 U.S. at 89; *see also Arbaugh*, 546 at 513 ("A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States."); *Bell*, 327 U.S. at 682 ("[I]t is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction.").

Defendant is correct that most of Plaintiff's statutory claims, as currently pleaded, fail to state a claim and, indeed, could not be amended to state a claim. Nevertheless, while the Court finds it unlikely that Plaintiff's constitutional claims are colorable, it cannot say with absolute certainty that they are not. Furthermore, Plaintiff's failure to allege diversity on the face of the complaint and to properly plead the elements of a Nevada false light tort claim may possibly be remedied through amendment and thus are not "frivolous." Accordingly, the Court cannot say that the high bar of *Steel Co.* has been met such as to deny this Court subject-matter jurisdiction. The Court therefore moves on to the merits of Plaintiff's claims.

b. *Constitutional Claims*

Plaintiff contends that Defendant has violated rights granted to him under the First, Fourth, and Fourteenth Amendments. Although Plaintiff does not identify the underlying platforms which permit him to bring these constitutional claims, the Court construes the First and Fourth Amendment claims to be brought under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and the Fourteenth Amendment claims under 42 U.S.C. § 1983. "Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991). Section 1983 (and thus *Bivens*) requires satisfaction of the "state-action requirement

[which] reflects judicial recognition of the fact that 'most rights secured by the Constitution are protected only against infringement by governments.'" *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 936 (1982) (quoting *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978)).

Where a plaintiff brings claims against a private party, the state-action requirement is satisfied if the "conduct allegedly causing the depravation of a federal right [is] attributable to the State." *Lugar*, 457 U.S. at 937. That is, a plaintiff must demonstrate that the private defendant: (1) caused the deprivation by "exercis[ing] some right or privilege created by the State," and (2) "may fairly said to be a state actor . . . because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Id.* The Court finds that Plaintiff has not demonstrated Defendant to be a state actor.[1]

As relevant here, there are two circumstances under which a private party may be considered a state actor: First, when it performs a "public function"—that is, it "exercise[s] . . . powers traditionally exclusively reserved to the State." *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352 (1974). Second, where there is such a close nexus between the State and the challenged conduct that seemingly private behavior may fairly be treated as that of the State itself. *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 725 (1961). Neither applies in the instant case. Defendant is not performing a public function because "supplying of utility service is not traditionally the exclusive prerogative of the State," *Jackson*, 419 U.S. at 353, much less the provision of security for that utility. Nor has Plaintiff identified the "sufficiently close nexus between the State and the" alleged requirement for Defendant to provide secure telecommunications. *Id.* at 350–51. Nonetheless, as it is possible that Plaintiff could make such allegations, the Court therefore dismisses this claim with leave to amend.

---

[1] Because the Court finds the state actor prong unsatisfied, it does not analyze Plaintiff's alleged right to "safe, unmonitored telecommunications." (ECF No. 8 at 1.)

c. *Claims Under Federal Statute*

As noted above, Plaintiff contends that Defendant's conduct violates net neutrality laws, E911 laws, the Telecommunications Business Act of 2011, and the Protecting Internet Freedom Act. The Court finds that none of these provide Plaintiff with a valid cause of action against Defendant.[2]

1. Net Neutrality Laws

"Net neutrality" is a term commonly used to refer to statutes and regulations designed to "compel broadband providers to treat all Internet traffic the same regardless of source." *Verizon v. FCC*, 740 F.3d 623, 628 (D.C. Cir. 2014). However, because it is a vague and all-encompassing term, this Court is unable to determine the basis for Plaintiff's claim. Consequently, it must dismiss the claim, although it does grant leave to amend.

2. E911 Laws

"Enhanced 911," otherwise known as "E911," refers to statutes and regulations designed to "increase public safety by encouraging and coordinating development of a nationwide, seamless communications system for emergency services," allow 911 operators to receive location information on call from mobile or internet-based phones, etc. 911 and E911 Services, https://www.fcc.gov/general/9-1-1-and-e9-1-1-services (last visited July 15, 2020). Again, because it is an umbrella term, the Court is unable to determine the basis for Plaintiff's claim and must dismiss it, although it does grant leave to amend.

3. Telecommunications Business Act of 2011

This statute is not an American statute, it hails from South Korea. *See Telecommunications Business Act*, SEC Archives, https://www.sec.gov/Archives/edgar/data/ 892450/00011931251814

---

[2] Although Defendant argues that the complaint, in general, fails to state a cognizable claim for relief, (ECF No. 4 at 4), it does not raise any argument regarding Plaintiff's claim under the Privacy Act of 1974 and, therefore, the Court does not address whether this claim should be dismissed.

1554/d508189dex153.htm. The closest analog this Court can find is the Telecommunications Act of 1996, Pub. L. No. 104-104, 110 Stat. 56 (1996). That Act created, among other things, 47 U.S.C. § 222(a), which assigns "[e]very telecommunications carrier . . . a duty to protect the confidentiality of proprietary information of, and relating to . . . customers." The private right of action to enforce this statute comes from 47 U.S.C. § 206, which holds a common carrier (including telecommunications entities) liable where it "shall do, or cause or permit to be done, any act, matter, or thing in this chapter prohibited or declared to be unlawful, or shall omit to do any act, matter, or thing in this chapter required to be done." Furthermore, because Plaintiff alleges that the harm arises from third-party criminal conduct, he must allege sufficient facts to show that Defendant could have reasonably foreseen Plaintiff's alleged harm. *Price v. Blaine kern Artista, Inc.*, 893 P.2d 367, 370 (Nev. 1995). Plaintiff appears to have alleged some of these elements in his response to the motion to dismiss, (ECF No. 8), but FRCP 8 requires the elements of a claim to be present in the complaint, not a later filing. Consequently, the Court dismisses Plaintiff's claim, inasmuch as it cites the "Telecommunications Business Act of 2011" rather than the "Telecommunications Act of 1996," without leave to amend. However, inasmuch as Plaintiff's claim arises under the Telecommunications Act of 1996, and the error is simply one of nomenclature, the Court grants leave to amend.

    4.   Protecting Internet Freedom Act

This Act was merely proposed to the Senate and has not been passed. *See* S.3034 Protecting Internet Freedom Act, Congress.gov, https://www.congress.gov/bill/114th-congress/senate-bill/3034. It does not, and could not, provide a cause of action for Plaintiff. Accordingly, this claim is dismissed without leave to amend.

///

///

*d. Nevada State Tort (False Light Invasion of Privacy)*

Plaintiff also brings a state tort claim for "false light" invasion of privacy.[3] Nevada "recognize[s] the false light invasion of privacy cause of action," *Franchise Tax Bd. of Cal. v. Hyatt*, 335 P.3d 125, 141 (Nev. 2014), *vacated on other grounds by Franchise Tax Bd. of Cal. v. Hyatt*, 136 S. Ct. 1277 (2016). The false light tort provides a remedy for those persons "placed in a harmful false light [before the public] even though [the invasion of privacy] does not rise to the level of defamation." *Id.* (citing *Welling v. Weinfeld*, 866 N.E. 2d 1051, 1055–57 (Ohio 2007)). That is, unlike defamation, which "protect[s] an objective interest in one's reputation, 'either economic, political, or personal, in the outside world[,]' . . . false light invasion of privacy protects one's subjective interest in freedom from injury to the person's right to be left alone " *Franchise Tax Bd.*, 335 P.3d at 141 (quoting *Crump v. Beckley Newspapers, Inc.*, S.E. 2d 70, 83 (W. Va. 1984)).

To succeed in a false light claim, a plaintiff must show that the defendant's conduct (1) "gives publicity to a matter concerning another that places the other before the public in a false light," (2) "the false light in which the [plaintiff] was placed would be highly offensive to a reasonable person," and (3) "the [defendant] had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the [plaintiff] would be placed." *Franchise Tax. Bd.*, 335 P.3d at 141 (quoting Restatement (Second) of Torts § 652E (Am. Law Inst. 1997)). Here, Plaintiff does not allege that he has experienced any publicity, much less "unreasonable and highly objectionable publicity that attributes to him characteristics, conduct[,]

///

---

[3] Although Plaintiff contends in his response that "nowhere in the complaint have I stated any violations of any state laws," (ECF No. 8 at 2:11–14), there is no federal cause of action for false light invasion of privacy. *See Flowers v. Carville*, 310 F.3d 1118, 1132 (9th Cir. 2002) (applying Nevada law to false light claim).

or beliefs that are false." Restatement (Second) of Torts § 652E (Am. Law Inst. 1997). Accordingly, the Court dismisses Plaintiff's false light claim with leave to amend.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant AT&T's Motion to Dismiss (ECF No. 4 ) is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that Defendant Public Utility Commission of Nevada's Motion to Dismiss (ECF No. 9) is GRANTED.

IT IS FURTHER ORDERED that Defendant Public Utility Commission is DISMISSED from the entirety of this case.

IT IS FURTHER ORDERED that all of Plaintiff's claims, except for the claim against Defendant AT&T under the Privacy Act of 1974, are DISMISSED.

IT IS FURTHER ORDERED that Plaintiff has thirty days from entry of this Order to file an amended complaint in accordance with this Order.

IT IS FURTHER ORDERED that if Plaintiff chooses not to file an amended complaint the case will proceed on Plaintiff's remaining claim.

IT IS FURTHER ORDERED that Plaintiff's Motion to Change Venue (ECF No. 17) is DENIED.

IT IS SO ORDERED.

Dated September 22, 2020.

_____
ROBERT C. JONES
United States District Judge